

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-19-00241-CR

JUAN DOMINGO RAMIREZ, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 1927238

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

## MEMORANDUM OPINION

A Hopkins County jury convicted Juan Domingo Ramirez of continuous sexual abuse of a young child and assessed a sentence of life imprisonment, which was imposed by the trial court. *See* TEX. PENAL CODE ANN. § 21.02. Ramirez appeals.

Ramirez's attorney on appeal has filed a brief which states that he has reviewed the record and has found no genuinely arguable issues that could be raised. The brief sets out the procedural history of the case and summarizes the evidence elicited during the course of the trial proceedings. Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On March 11, 2020, counsel mailed to Ramirez a copy of the brief and the motion to withdraw and informed Ramirez of his right to review the record and file a pro se response. On April 7, 2020, counsel sent Ramirez a complete paper copy of the appellate record. Ramirez has filed a pro se brief questioning if (1) the indictment was sufficient, (2) there was error in admitting evidence under Article 38.37 of the Texas Code of Criminal Procedure, (3) the State used the proper outcry witness, (4) the trial court erred in admitting a photograph of Ramirez's penis, and (5) counsel rendered ineffective assistance for failing to call witnesses, adequately investigate the case, or participate in the case as much as Ramirez wanted.

2

We have determined that this appeal is wholly frivolous. We have independently reviewed the entire appellate record and Ramirez's pro se brief and, like counsel, have determined that no arguable issue supports an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). In the *Anders* context, once we determine that the appeal is without merit, we must affirm the trial court's judgment. *Id.*

We affirm the judgment of the trial court.[1]

Scott E. Stevens
Justice

Date Submitted:      August 26, 2020
Date Decided:        October 15, 2020

Do Not Publish

---

[1]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.